### HUDGINS v. LAMPKIN.

There being no sufficient evidence to support the verdict of a jury in a justice court, a certiorari setting up such want of evidence should be sustained.

Submitted October 12, — Decided October 30, 1903.

Certiorari.        Before Judge Felton.        Bibb superior court.        April term, 1903.

To the facts stated in the decision it is sufficient to add the following.        The plaintiff testified: Will Hudgins owes me the amount

claimed.　He is in Bessemer, Alabama, and was there when the attachment was sworn out, and had been for several months.　I took out the attachment because I heard that Mrs. Hudgins had packed the household goods and was going to move to him.　I found the goods were packed.　I also know that Mr. Hudgins told me when he was at home this summer, with his injured foot, he might later on move his family there, if he was satisfied with his work.　Acting on what I had heard, I went to Mrs. Hudgins' house and saw the goods packed up; and that, with the statement of Mr. Hudgins, caused me to take out the attachment.　Except for seeing the goods packed and his statement about moving, I did not know anything else.　I do not know he was, or is now, in Bessemer, Alabama, except I got a letter from him postmarked at that place, and he told me about moving there.　I do not know what Mrs. Hudgins' intentions were in packing the goods. I can not say whether she intended shipping them out of the county, or whether she was packing them to be stored in Macon with her sister, for the purpose of saving rent while she was away on a visit.　It is true the packed goods were levied on by the officer at the house of her sister.　I do not know of my own knowledge whether [she] was going to move or visit Alabama or not. Her husband was already there and had been for several months. I can not say whether he was going to remain permanently from Macon or not.　She packed the goods, left here, and I had them attached.　I do not know where she went.　She didn't carry all of the children; one remained here with Mrs. Colwell after she had gone.　It was the one that stayed with her nearly all of the time even when its mother was here.　All I know is she had the goods packed up, when she was going off, and her husband told me, as I before stated, that he might move there, and he had already gone.

The defendant's wife testified : My husband is a molder by trade, and is now in Bessemer, Alabama, working, and has been there since last March.　He and I are not separated.　He sends me money regularly to live on.　On or about the 17th of August this year (1902) I decided to make him a visit.　I was living in Macon, Georgia.　To keep from paying rent for a whole house while I was away, I packed up the household goods and . . got my sister . . to allow me to store them while I was away.　I took my two younger children with me, and left the older one with my

sister. I went to Bessemer, Alabama, to visit my husband. I never intended moving the goods to Bessemer, nor removing my citizenship from Bibb county, Georgia, nor did Mr. Hudgins. His family have always lived and still live in Macon, Georgia. After I was gone the attachment was taken out and the goods levied on. I did not return until they were seized by the officer. I had not decided, when I left, how long I would make my visit. I did come back earlier than I expected, on account of the goods having been levied upon. I nor my husband have never claimed any place for our home except Macon, Georgia. My husband has been in Alabama, working, while myself and children have been and are now living here.— There was other testimony to the same effect as that of this witness, as to her purpose in storing the goods.

The defendant, in his petition for certiorari, alleged that the verdict was contrary to law and the evidence, and that the court erred in refusing to strike so much of the affidavit for attachment as related to removal of the defendant's goods, and in refusing to rule out the plaintiff's testimony " undertaking to sustain the allegation " on that subject, it being contended that it is no cause for attachment that one is removing his goods from the county, and it being contended further, as to the testimony in regard to what the defendant's wife did with the goods, that her acts would not bind him.

*Glawson & Fowler*, for plaintiff in error.
*E. P. Johnston*, contra.

TURNER, J. W. W. Lampkin sued out an attachment, returnable before a justice of peace, against Will Hudgins, based on an affidavit in which he deposed that Hudgins was indebted to him in the sum of $37.50, and that said Hudgins was "removing or about to remove himself and his property beyond the limits of Bibb county, Georgia." A traverse to the ground of the attachment having been filed by the defendant, he, before pleading to the merits, moved to strike from the plaintiff's affidavit for attachment the words, "himself and his property," so said affidavit should read: " Will Hudgins is removing or about to remove beyond the limits of Bibb county, Georgia." For some reason not apparent to us, the plaintiff resisted the motion to strike, and it was overruled by the court. It seems that the case on the traverse was, by con-

sent, appealed to a jury in the justice court, and that the jury found against the traverse and rendered a verdict for the sum claimed by the plaintiff, with interest.    The defendant sued out a certiorari to the superior court, which was sanctioned by the judge of that court, and the magistrate before whom the case was tried filed his answer to the writ.    At the hearing of the certiorari and answer of the magistrate, the court overruled the certiorari, and the defendant in the court below excepted to the judgment of the court overruling the certiorari.

After a careful review of the evidence submitted before the jury on the trial in the justice court, we are satisfied that not even a prima facie case was made for the attachment.    We therefore sustain the exception of the plaintiff in error to the effect that the verdict was without evidence to support it, and order a new trial of said traverse in the justice court.    As the exceptions based on rulings of the magistrate as to the admission and exclusion of evidence may not arise on the next trial, they are not passed on by this court.    If the plaintiff in error desired to object in any way to the ground of the attachment, he should have done so by demurrer.          *Judgment reversed.    All the Justices concur.*